# MARCH SPECIAL TERM, 1845.

## MR. JUSTICE BEARDSLEY, PRESIDING.

Louisa Gillespie, by her next friend Ann Gillespie vs. Micajah M. Stanless.

A plaintiff's attorney is liable for costs under the statute, (no security having been filed,) where the plaintiff an infant, prosecutes by her next friend, and the plaintiff and next friend become non-residents before judgment for costs is entered; a delay of three years in proceeding against him is not sufficient to exempt him.

*Motion by defendant at last February special term, for an order that John B. Manchester, Esq., the attorney for the plaintiff in this cause, pay to the defendant's attorney the defendant's costs, as taxed in said cause, and the costs of this motion, on demand; or that an attachment issue.*—It appears on the part of defendant, that this was an action of slander, commenced in the New York common pleas, in April, 1841, by capias. At the time of the commencement of such suit, the said plaintiff, Louisa C. Gillespie, was an infant under the age of twenty-one years; the suit was commenced and prosecuted by her next friend, Ann Gillespie. No security for costs has ever been given by said next friend. Defendant appeared by his attorney and perfected special bail therein; and afterwards and before said cause was at issue, and on or about the 6th July, 1841, removed said cause by certiorari to this court; after such removal, the cause was noticed for trial by plaintiff's attorney for the September and December circuits, 1841; not having been brought to trial, defendant's attorney moved for and obtained judgment as in case of non-suit, at the December special term, 1841; had his costs taxed on notice to plaintiff's attorney, the costs not having been paid, defendant filed his judgment record for said costs on the 4th June, 1842. In October, 1842, defendant's attorney issued a fi. fa. on said judgment, which was returned unsatisfied in January, 1843. The plaintiff and her next friend were residents of the city of New York at the time of the commencement of this suit, but before judgment was perfected, they both

removed from the state of New York, and have not since returned. No part of the costs have ever been paid. It appears on the part of plaintiff's attorney, the appointment of next friend was duly made and filed before this suit was commenced; that he, plaintiff's attorney, in November, 1841, left the city of New York and did not return until the spring of 1842; that when he left New York he placed this suit with others in the hands of R. Scott, Esq., with a written consent to be substituted in his place as attorney in this cause, that since that time, up to the day he received the papers for this motion, he has known nothing of the proceedings in the cause; that no bill of costs was ever served on him in this suit—no notice was ever given him that any costs existed against the plaintiff. No demand for the payment of any costs in this cause was ever made of him by defendant's attorney, or any other person. He has never received any compensation for costs from plaintiff or any one else, and is informed said Scott has never received any. Plaintiff's attorney cited 3 *Mass. R.*, 561; 2 *R. S.*, 286; 2 *Wend.*, 293.

M. T. REYNOLDS, *Defts Counsel.*　　F. SAYRE, *Defts Atty.*

A. TABER, *Plffs Counsel.*　　　　J. B. MANCHESTER, *Plffs Atty.*

NELSON, Chief Justice.—Held, that the attorney was liable under the statute, he acted for a non-resident plaintiff and an infant; no substitution having ever been made; the delay is not a sufficient excuse.

*Decision*—Motion granted without costs.